59 F.3d 180
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Mirofe R. ANDRADA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3128.
 United States Court of Appeals, Federal Circuit.
 March 15, 1995.
 
 Before MAYER, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mirofe R. Andrada petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. SE0831940382-I-1, sustaining the Office of Personnel Management's decision to deny Andrada a retirement annuity under the Civil Service Retirement Act (CSRA). Because the board did not err in determining that Andrada's service was excluded from coverage under the CSRA, we affirm.
 
 DISCUSSION
 
 2
 On August 30, 1993, Andrada applied for retirement benefits under the CSRA based on twenty-three years of service as a civilian employee with the United States Air Force. The Air Force initially hired Andrada in 1968 as a clerk typist under a temporary excepted appointment. Three years later, the Air Force terminated her employment pursuant to a reduction in force. Shortly thereafter, she accepted another excepted appointment as a clerk typist with the Air Force. In April 1972, she resigned from that position in order to accept a different position that was paid from nonappropriated funds. Andrada continued to be paid from nonappropriated funds until her retirement on October 16, 1991.
 
 
 3
 The Office of Personnel Management (OPM) denied Andrada's application for retirement benefits under the CSRA. In particular, OPM found that her first four years of service under a temporary excepted appointment were excluded from coverage under the CSRA. See 5 C.F.R. Sec. 831.201(a)(13) (1994) (excluding "indefinite" appointments). In addition, OPM determined that the rest of her service was not creditable under the CSRA because she was paid from nonappropriated funds. 5 U.S.C. Sec. 2105(c) (1988 & Supp. V 1993) (excluding employees paid by nonappropriated funds from the CSRA). Andrada appealed OPM's decision to the board, which affirmed OPM's denial. The board's initial decision became final when the board denied Andrada's petition for review.
 
 
 4
 On appeal, Andrada argues that the Air Force hired her as an employee covered by the CSRA under 5 U.S.C. Sec. 2105(a). Therefore, she concludes that her entire service should be covered by the CSRA, including her service during periods when she was paid from nonappropriated funds. Moreover, Andrada argues that her service as an "indefinite appointment" cannot be excluded from coverage under the CSRA by 5 C.F.R. Sec. 831.201(a)(13) because the regulation is contrary to 5 U.S.C. Sec. 8347(g), which allows OPM to exclude only "temporary or intermittent" employees.
 
 
 5
 Our review is limited by statute. We may reverse a board decision not to award a retirement annuity under the CSRA only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Here, substantial evidence supports the board's determination that since 1972, Andrada was an employee paid from nonappropriated funds within the meaning of 5 U.S.C. Sec. 2105(c). Pursuant to Sec. 2105(c), she was not an employee for purposes of the CSRA and therefore her service time since 1972 is excluded from coverage under the act. Further, this court recently addressed Andrada's arguments concerning whether OPM may exclude an "indefinite" employee from coverage under the CSRA. In Rosete v. Office of Personnel Management, No. 94-3342, 1995 U.S. App. LEXIS 2286 (Fed. Cir. Feb. 3, 1995), we held that Sec. 831.201(a)(13) is a valid regulation which precludes an employee hired as an "indefinite" employee from being covered by the CSRA. It is a reasonable interpretation of Sec. 8347(g), not inconsistent therewith. Id.
 
 
 6
 at * 17. Therefore, OPM's decision not to award Andrada retirement benefits was in accordance with law.